# Order

**Michigan Supreme Court**
**Lansing, Michigan**

December 2, 2009

137402

RICHARD E. HARVLIE,
        Plaintiff-Appellee,
and

BLUE CROSS/BLUE SHIELD,
        Intervening Plaintiff-Appellee,

v

JACK POST CORPORATION and ST. PAUL
FIRE & MARINE INSURANCE COMPANY,
        Defendants-Appellants.

_____/

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

SC: 137402
COA: 276044
WCAC: 04-000445

By order of January 27, 2009, the application for leave to appeal the August 21, 2008 judgment of the Court of Appeals was held in abeyance pending the decision in *Petersen v Magna Corp* (Docket Nos. 136542-3). On order of the Court, the case having been decided on July 31, 2009, 484 Mich 300 (2009), the application is again considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

CORRIGAN, J. (*dissenting*).

I respectfully dissent from the order denying defendants' application for leave to appeal. Because the split decision in *Petersen v Magna Corp*, 484 Mich 300 (2009), failed to provide a workable standard concerning the circumstances under which a magistrate "may" prorate attorney fees, I would remand this case to the Court of Appeals to consider defendants' argument that the award of an attorney fee on unpaid medical benefits was erroneous.

MCL 418.315(1) provides that "[t]he worker's compensation magistrate may prorate attorney fees at the contingent fee rate paid by the employee." In *Petersen*, a majority of this Court merely agreed on the result: workers' compensation magistrates may prorate attorney fees among employers and their insurance carriers. The five

opinions did not offer a controlling rationale. Moreover, the five separate opinions in *Petersen* do not establish a standard agreed on by a majority of justices under which workers' compensation magistrates may exercise their discretionary authority in the first instance. *Petersen* merely tells us that a magistrate "may prorate" attorney fees but that an award is not automatic. See *Petersen, supra* at 309 (opinion of Kelly, C.J.) ("Hence, magistrates are allowed to award attorney fees, but they are not required to do so."). Consequently, *Petersen* does not explain how magistrates could abuse their discretion in awarding attorney fees, much less specify how magistrates may exercise their discretion.

In MCL 418.315(1), the Legislature differentiated between magistrates' discretionary authority to prorate attorney fees and their mandatory duty to order reimbursement for reasonable medical expenses that an employer fails, neglects, or refuses to pay. See MCL 418.315(1) ("If the employer fails, neglects, or refuses so to do, the employee shall be reimbursed for the reasonable expense paid by the employee, or payment may be made in behalf of the employee to persons to whom the unpaid expenses may be owing, by order of the worker's compensation magistrate."). Accordingly, MCL 418.315(1) mandates reimbursement for medical bills that the employer does not pay. In contrast, the award of attorney fees under MCL 418.315(1) is discretionary. Because the award of attorney fees is a discretionary determination, magistrates presumably must make some additional finding before exercising their authority. Yet neither *Petersen* nor the statutory language assists a workers' compensation magistrate in determining whether to exercise that discretionary authority in a given case.

The dearth of guidance from this Court concerning the standard under which a magistrate may exercise discretion under MCL 418.315(1) will continue to confound members of the bench and bar. In this case, for example, defendants challenge the award of attorney fees when payment was delayed for approximately three months because of typical processing lags and plaintiff's failure to submit evidence in a timely manner. Defendants contend that the magistrate abused his discretion in awarding attorney fees under the unique facts of this case. Assuming *arguendo* that a three-month delay is an appropriate circumstance for the magistrate to have exercised his discretionary authority, it remains unclear whether the magistrate would necessarily have reached the same result if payment had been delayed for two months or two weeks. Similarly, it is unclear what additional factors would be relevant to the magistrate's discretionary determination. Indeed, the lack of any workable standard complicates the appellate review of such awards as well because a reviewing court has no meaningful basis to consider whether a magistrate abused his discretion in awarding attorney fees.

Because *Petersen* failed to resolve these issues, I would remand this case to the Court of Appeals for reconsideration of defendants' argument that the award of an attorney fee on unpaid medical benefits was erroneous. Specifically, I would order the Court of Appeals to consider whether the workers' compensation magistrate made

sufficient findings and offered adequate analysis to show that he engaged in a proper exercise of discretion in requiring defendants to pay attorney fees under MCL 418.315(1). See *Petersen, supra* at 310, 335-336. Moreover, I would ask the Court of Appeals to address defendants' argument that the magistrate erred by awarding attorney fees on medical bills that plaintiff failed to prove were not diligently paid after defendants received notice of them. Unless this Court or the Court of Appeals clarifies the standard under which a magistrate may exercise discretion, the award of attorney fees under MCL 418.315(1) will become automatic. Plainly, the Legislature did not authorize the automatic assessment of attorney fees.

Accordingly, I would remand this case to the Court of Appeals to consider defendants' argument that the award of an attorney fee on unpaid medical benefits was erroneous.

YOUNG and MARKMAN, JJ., join the statement of CORRIGAN, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 2, 2009

_____
Clerk